GRETHER *et al.* v. CLARK *et al.*

1. **Adverse Possession:** BY MORTGAGOR PRIOR TO FORECLOSURE. The possession of land by the mortgagor and his grantees prior to a sale of the land upon foreclosure, is possession under an absolute right, and cannot be regarded as adverse to the mortgagee, unless accompanied with a denial of all right in the mortgagee; and the same is true of the possession of the grantee of the mortgagor after a foreclosure and sale to which such grantee has not been made a party, because as to him there has been no foreclosure and sale in law.

2. **Statute of Limitations:** MORTGAGE: MINORS. Where the statute of limitations begins to run against the ancestor in his lifetime, it will not, in favor of his minor heirs, cease to run upon his death; the exception in favor of minors (Code, sec. 2535) applying only to causes of action which originally accrue in their favor. (*Bishop v. Knowles*, 53 Iowa, 268). And so, where the ancestor foreclosed his mortgage against the mortgagors alone, and bought in the property, not making the grantee of the mortgagor, who was in possession, a party, and then died leaving minor heirs, his right of action for foreclosure as against the mortgagor's grantee accrued before his death, and was barred as against his minor heirs in ten years after it accrued, though the minor heirs had not then attained their majority. In such case the right of action was based on the mortgage, and not upon the judgment against the mortgagors.

*Appeal from Boone District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, OCTOBER 6, 1888.

ACTION in equity. The petition contained a general prayer for relief upon the facts alleged, which are stated in the opinion. The judgment was for defendants and plaintiffs appeal.

*Hull & Bicksler*, for appellants.

*Crooks & Jordan*, for appellees.

REED, J.—Plaintiff Anna M. Grether is the widow, and the other plaintiffs are the children and heirs at law,

Grether v. Clark.

of John Grether, who died at Columbus, Ohio, in 1874. Prior to the eighteenth day of May, 1868, he was the owner of a tract of land in Boone county, and on that day he sold and conveyed the same to Margaret D. and O. J. Boyd, who gave him a mortgage on the property to secure a portion of the purchase money. They subsequently gave a second mortgage to John P. Manny & Co. On the twenty-fifth of March, 1870, they sold and conveyed the premises to Hortense E. Soward, who, on the fifteenth of February, 1873, sold and conveyed to defendant Clark. He afterwards conveyed to Beck, but there was a subsequent reconveyance to Clark, who held the title when this suit was instituted. After the conveyance to Soward, but before Clark purchased, Grether brought suit for the foreclosure of his mortgage, making the mortgagors only parties.· He recovered judgment for the amount of the debt, and a decree of foreclosure, under which the land was sold, he being the purchaser, and a sheriff's deed was subsequently executed to him. Immediately after his purchase Clark took possession of the premises, and continued in possession until the sale to Beck, and Beck was in possession until the reconveyance to Clark, since which time the latter has been in possession. The mortgage to John P. Manny & Co. was foreclosed, and defendant Clark bought the premises at the sale, and obtained a sheriff's deed thereunder in 1875; but neither plaintiffs nor John Grether were made parties to the foreclosure proceeding. This suit was instituted in August, 1885. Soon after Grether's death an administrator of his estate was appointed by the probate court in Ohio, and it has been fully administered. At the time of his death his children were all minors, and two of them had not attained majority when the suit was instituted.

The defense relied upon is the statute of limitations. It will be observed that the grantees of the mortgagors

1. ADVERSE possession: by mortgagor prior to foreclosure.

had been in possession of the premises for more than ten years when the suit was instituted; and that possession was actual, exclusive and continuous; and that possession is relied

upon as creating a bar to the action. But the occupancy was under an absolute right of possession. Under our statutes, the title and right of possession is in the mortgagor, and they continue until divested by a sale and deed under foreclosure proceedings. *Hodgdon v. Heidman*, 66 Iowa, 645; *Green v. Turner*, 38 Iowa, 112; *Gower v. Winchester*, 33 Iowa, 303. The grantee of the mortgagor before the foreclosure acquires the same rights. He has absolute right of possession, which before the conveyance was vested in the mortgagor. His possession, then, would no more be adverse, as against the mortgagee, than would that of the mortgagor if he had continued in possession. It may be that the rule would be otherwise if the possession were accompanied with a denial of all right in the mortgagee. But we have no occasion to go into that question; for the possession in this case was not accompanied with such denial, nor can it be inferred from anything that was done by defendants. Their conduct and acts in the premises are all consistent with their right of possession, and are referable simply to that right. The case turns, then, not upon the fact of possession, but upon whether any rights remain under the mortgage which may be enforced by plaintiffs. The right of action upon the note and mortgage accrued nearly sixteen years before this suit was instituted. As defendants were not made parties to the foreclosure suit, they were in no way affected by either the judgment rendered in that proceeding or the sale and deed thereunder. As against them, however, the lien of the mortgage continued, notwithstanding the foreclosure and sale, and Grether had a right of action against them for its enforcement. It is immaterial whether this right accrued at the maturity of the mortgage debt, or when the sheriff's deed was executed; for in either case it accrued to him in his lifetime, and the statute of limitations began to run at the instant it accrued. This right descended to plaintiffs upon his death, and it is the only right they ever acquired in the premises. It arose,

VOL. 75—25

not under the judgment of foreclosure, as was contended by counsel; but under the mortgage; and, if he had lived, would have been barred in ten years from the time it accrued. As the statute began to run during the life of the one in whose favor the right originally accrued, its operation was not suspended by his death; but, as against his representatives, to whom the right descended, it continued to run. The fact that some of them are minors does not affect the result. The estate descended to them charged with all the limitations which attached to it in the hands of their ancestors. The exception in favor of minors created by Code, section 2535, applies to such causes of action as accrued originally in their favor, and has no application to such as come to them by descent, and against which the statute had already begun to run. This is clearly the doctrine of *Bishop v. Knowles*, 53 Iowa, 268. Upon this ground, therefore, the judgment of the district court is right.

AFFIRMED.