S. P. McNeil, Administrator, Appellant, v. L. P. Sig-
ler, et al.

**Statute of Limitations:** INSANITY. Insanity does not keep the statute
from *beginning to run.* It simply adds a year to the general
statutes, computed from the termination of the disability, Code,
2535.

SAME: DEATH. Death terminates the disabilities of insanity and the
representatives of one who died insane cannot add this year to
the year which Code, 2536, allows on account of death, where
death occurs within one year before the expiration of the general
limitation. They have but one year's extension—the one given on
account of death.

FRAUD. The fact that the payors of a note gave it up to an insane
payee and said nothing about it or about the fact that such a note
existed, is not such fraud as extends the right of action until a
stated time after discovery in cases of fraud or mistake, when it
does not appear but that the heirs had full knowledge of the con-
dition of the estate.

*Appeal from Decatur District Court.*—Hon. W. H. Ted-
ford, Judge.

Friday, October 11, 1895.

The plaintiff is the administrator of the estate of
Lucretia Arnold, deceased. On the first day of Janu-
ary, 1871, the defendants L. P. Sigler and D. & A. B.
Stearns made to Lucretia Arnold their promissory note
for five thousand dollars, payable, in government
bonds, eleven years after date. Lucretia Arnold died
June 19, 1891, and the plaintiff was appointed as admin-
istrator of her estate on the eighth day of May, 1893.
This action was commenced on the tenth day of May,
1893, to recover on the note. The following is a
part of the petition: "That for two or more
years before said promissory note fell due by its
terms, and before any right of action had accrued

thereon, the said Lucretia Arnold became demented and insane, and was wholly unfit to attend to her business affairs, and so remained during the remainder of her life and to the time of her death. That defendants are relatives, but not heirs, of said Lucretia Arnold, deceased, and during her lifetime were her confidential friends and business advisers; and from the time, or a short time after, the execution of said note, the said promissory note and other papers belonging to the said Lucretia Arnold were kept in the safe of the defendants D. & A. B. Stearns, and remained there and in the care of the said defendants until the said Lucretia Arnold became so impaired in her mental faculties as to be unfit to attend to her own business affairs, when said defendants, without the knowledge of plaintiff or any of the heirs of said Lucretia Arnold, so far as plaintiff is informed and believes, turned said papers, including the note in suit, back to said Lucretia Arnold, and during the lifetime of the said Lucretia Arnold, by their fraudulent acts and actual fraudulent concealment, prevented plaintiff and the legal heirs of the said Lucretia Arnold from obtaining knowledge of the existence of said note; and said defendants fraudulently concealed the fact from the legal representatives of the said Lucretia Arnold after her death that they had received said bonds from deceased, and executed their note therefor, and that any right of action existed against defendants; and none of the relatives of the said Lucretia Arnold except the defendants had any knowledge of the existence of said promissory note, or of the transaction of said Lucretia Arnold and the said defendants." It further appears from the petition that Lucretia Arnold was never adjudged insane, nor was any person ever appointed to take charge of her affairs or to transact her business, and that none of her heirs had any knowledge of the existence of the note until about the middle of February, 1893, when it was

accidentally found among her papers; that demand has been made for the payment of the note, and payment refused. There are also averments as to the alterations of defendants' books with the purpose of concealing the fraud. To the petition there was a demurrer, on the ground, among others, that the action is barred by the statute of limitations, which the court sustained, and the plaintiff appealed.—*Affirmed*

*Hughes & Roberts* and *J. L. Young* for appellant.

*Harvey & Parrish* for appellees.

Granger, J.—I. It will be observed that Lucretia Arnold became insane before the maturity of the note, and so continued to her death. The note matured January 4, 1882, and, barring the question of her insanity, the cause of action would have been barred January 4, 1892. The suit was commenced May 10, 1893, so that more than one year elapsed after the action would have been barred, independent of any cause to arrest the operation of the statute. Her death was in June, 1891, and before the action would have been so barred.

The following provisions of the Code follow the general ones fixing the periods of limitations, which on a note is ten years: "Sec. 2535. The times limited for actions herein, except those brought for penalties and forfeitures, shall, in favor of minors, as defined by this Code, and persons insane, be extended so that they shall have one year from and after the termination of such disability, within which to commence said action.

"Sec. 2536. If a person entitled to a cause of action die within one year next previous to the expiration of the limitations above provided for, the limitations above mentioned shall not apply until one year after such death."

The claim of appellant is that inasmuch as Lucretia Arnold became insane before the maturity of the note, and hence before the statute would otherwise have commenced to run, it did not commence until the appointment of the administrator of her estate, the argument being that, as the statute had not commenced to run before she was insane, it would not commence after she was so, and before there was some person legally authorized to sue. Support for the position is claimed because of some language in *Sherman v. Stage Co.*, 24 Iowa, 515, and also from other cases and text writers. The authorities outside of this state are not of material aid in the solution of the question, in view of our own holdings where the statute in question was involved. In *Sherman v. Stage Co.*, appellant quotes some language of the opinion, including the following: "That, before a cause of action accrues or the statute can begin to run, there must exist a cause of action and a person authorized to prosecute it." Its application to this case is that, Lucretia Arnold being under disability, because of her insanity, and there being no guardian, there was no person authorized to prosecute a suit on the note. We do not think the language of the case was designed to be so applied. In the opinion, immediately following the language quoted, is an illustration of the thought of the court by referring to a cause of action accruing to the estate of a deceased person. In such a case there is no one by or for whom a suit could be brought. There is no one in whose favor a right of action exists. But that is not true of one merely under disability. There is a continued right of action in favor of such a person, and the law regulates the manner of bringing it. If a minor, it must be by a guardian or next friend. Code, section 2565. It may be noticed that there is no such express provisions as to a person not judicially found to be insane, leaving, because of the express provision in the one case, much

room for inference as to the other. It is not to be doubted that the same rule applies in this respect to a minor as to an insane person, for the language is precisely the same as to the two. In *Murphy v. Railway Co.*, 80 Iowa, 26 (45 N. W. Rep. 392), the section is construed as to a minor, and it is held that the statute of limitations commences to run during minority. This is the plain meaning of the statute. It attempts to do no more as to persons under such disability than to extend the time for completing the bar, so that, after the disability is removed, the person shall have a reasonable opportunity to act for himself. The statute continues during the entire time of disability, and for one year thereafter.

II. The petition contains representations as to a fraudulent concealment, evidently with a view to bring the case within the provisions of the Code as to actions for relief on the ground of fraud or mistake, where the cause of action is not deemed to have accrued until after the fraud or mistake is discovered. Section 2530. The slight reference in the argument to this branch of the case leads us to think that it is not seriously urged. A ground of the demurrer is that the petition fails to show any act of fraud on the part of defendants. It does not, to us, attempt to state a fraudulent act. The only acts of commission or omission pleaded are that they gave to Lucretia Arnold the note after she was insane, and thereafter said nothing. The note was found with her papers long after her death, and the inference is that it would have been at any time. On these facts or acts is based the conclusion of a fraudulent concealment. The conclusion is not supported. The showing is that diligence, after the death of Lucretia Arnold, would have disclosed the note. There is not a word to show that the heirs, claimed to be defrauded, ever attempted to discover the assets of the estate within the time necessary. Nor is

there a word to show that the neglect to do so was caused by the defendants. There is nothing to indicate that, when they gave the papers to her, it was not an act they were required to do, or that they could right-fully have delivered them elsewhere; nor does it appear that after the death the defendants had information that the heirs had not full knowledge of the condition of the estate.

III. Appellants seem to think that, because of the insanity or disability, there must be a year after that is removed, under the provisions of section 2535, and that, as she died, there should be added the year provided for by section 2536, thus making two years from her death in which to bring the suit. Her death ended her disabilities, within the meaning of the law, and also ended the operation of section 2535 as to her, and brought her within the provisions of section 2536. Had her disabilities been removed by recovery, she would have been entitled to the year thereafter under section 2535. Both periods of extension are not to be given. The judgment is *affirmed.*