MAE BLACK, Guardian of James W. Black, Appellant, v A. C. Ross.

**Limitations of Action:** TOLLING. *Disability after accrual of action.* Code, section 3453, provides that the period of limitation for the bringing of action, except those brought for penalties and forfeitures, shall be extended so that insane persons shall have one year after the termination of disability to commence an action. Section 3447 limits the time within which suit may be brought on a written contract to ten years. *Held,* that where the holder of a matured note became insane within the statutory period, his guardian was not entitled to maintain suit thereon more than ten years after the note matured, since section 3453 applies only to action accruing *during* disability.

*Appeal from Boone District Court.*—HON. B. P. BIRDSALL, Judge.

SATURDAY, DECEMBER 16, 1899.

ACTION on a promissory note of sixty dollars, with interest at the rate of 10 per cent. per annum, executed by the defendant to R. B. Lowery, March 4, 1886, and payable on or before January 1, 1887. It was assigned to James W. Black in 1887, who became insane April 1, 1896. The plaintiff was appointed his guardian June 8, 1897, and began this action November 3, 1897. The defendant demurred on the ground that the petition on its face showed

the action to be barred by the statute of limitations. The demurrer was sustained, and, the plaintiff having failed to plead further, judgment was entered dismissing the petition, and she appeals.—*Affirmed.*

*John A. Hall* for appellant.

*Whitaker & Dale* for appellee.

LADD, J.—After the statute of limitations once commences to run, it is not tolled by the subsequent disability of him in whose favor the cause of action exists; or, as tersely put in *Cotterel v. Dutton,* 4 Taunt. 828: "When once the statute begins to run, nothing stops it." *Allis v. Moore,* 2 Allen, 306; *Oliver v. Pullam,* C. C. 24 Fed. Rep. 127; *Clark's Ex'r, v. Trail's Admr's,* 1 Metc. (Ky.) 35; *Adamson v. Smith,* 2 Mill. Const. 269, 12 Am. Dec. 669; *Doyle v. Wade,* 23 Fla. 90 (11 Am. St. Rep. 342, and note, s. c. 1 South Rep. 516); *Kistler v. Hereth,* 75 Ind. 177 (39 Am. St. Rep. 131, and note; *Faysoux v. Prather,* 9 Am. Dec. 691; *De Kay v. Darrah,* 14 N. J. Law, 294; *McDonald v. Hovey,* 110 U. S. 619 (4 Sup. Ct. Rep. 142, 28 L. Ed. 269); 13 Am. & Eng. Enc. Law, 732. The exception in favor of minors and insane persons contained in section 3453 of the Code applies only to such causes of action as accrue during disability. *Grether v. Clark,* 75 Iowa, 386; *Bishop v. Knowles,* 53 Iowa, 286. And such has been the construction of similar statutes in other jurisdictions. *McDonald v. Hovey, supra; Bradstreet v. Clarke,* 12 Wend. 602; *White v. Latimer,* 12 Tex. 61. This action was not brought until ten years and ten months after the note sued on fell due, which occurred nine years and four months before Black became insane, and, as the running of the statute was not interrupted or suspended by that disability, it was barred by section 3447 of the Code, limiting the time within which suit on a written contract must be begun

to ten years. As there is no conflict in the long line of authorities extending so far back that the memory of man runneth not to the contrary, it is quite enough to call attention to a few of these. The point was neither involved nor considered in *McNeil v. Sigler,* 95 Iowa, 587.—AFFIRMED.

GRANGER, J., not sitting.