N. A. WIDNER, Executrix of the Estate of SUSAN HANKINS, Deceased, v. D. O. WILCOX, Administrator of the Estate of THOS. PASLEY, Deceased, Appellant.

131    223
138    533

**Estates of decedents:** CLAIMS: LIMITATIONS. A claim against an
1    estate for money loaned decedent not filed with the clerk within five years is barred, as the statute of limitations is not tolled by decedent's death.

**Limitation of actions:** PLEADING. Failure to demur is not a waiver
2    of the statute of limitations, where the fact that the cause of action is barred is not disclosed until the evidence is taken, and the filing of an amendment pleading the statute is then timely.

**Appeal:** PRESUMPTION AS TO PLEADING. Where there was no ruling
3    on a motion to strike an amendment to a pleading it will be

presumed on appeal that the court passed on the issue raised by the pleadings as they stood.

*Appeal from Poweshiek District Court.*— HON. W. G. CLEMENTS, Judge.

WEDNESDAY, JULY 11, 1906.

THE defendant was appointed administrator of the estate of Thomas Pasley, deceased, June 6, 1901. On August 7th of the same year Susan Hankins filed her claim with the clerk of the district court in words following: "July 13, 1901. Said estate debtor to plaintiff (Susan Hankins) to cash deposited with decedent in October, 1895, and received by decedent as trustee and custodian for claimant for the sum thus left and deposited with decedent, $300.00." This was duly verified. The administrator filed a denial, and in November, 1902, the claim was dismissed for want of prosecution. In September, 1903, Mrs. N. A. Widner, a daughter of deceased, filed a petition praying for the allowance of the claim and stating excuses for delay. To this the administrator answered, pleading a former adjudication, and that the claim had not been filed in time. In February, 1904, there was filed an amendment to the petition in which the execution of a power of attorney and the assignment of the claim to Mrs. Widner, until her appointment as executrix of the estate of Mrs. Hankins and such appointment, were pleaded. Each party then indulged in a demurrer. These were overruled, and on March 22d the plaintiff, by way of reply, repeated all that had been said in the petition and amendment, and, in addition thereto, asked that the dismissal of the claim as first filed be set aside because of fraud practiced by the administrator. A motion to set such dismissal aside and resistance thereto were also filed on the same day. The cause came on for trial April 6, 1904, and at the conclusion of the evidence on the following day the defendant filed an amendment to the answer pleading in bar the

statute of limitations. Four days later plaintiff moved to strike this from the files because of delay in filing, and on the ground that the defense had been waived. There appears to have been no ruling on this motion. The court entered an order setting aside the dismissal and allowing the claim without interest. The defendant appeals.— *Reversed.*

*Tom H. Milner,* for appellant.

*W. J. Lamb,* for appellee.

LADD, J.— The evidence leaves no doubt but that plaintiff's decedent, Susan Hankins, loaned Thomas Pasley, of whose estate the defendant was appointed administrator June 6, 1901, the sum of $300 not later than July, 1896. The contract was in parol. The claim therefor was not filed with the clerk of court until August 7, 1901, nor notice thereof accepted by the administrator until July, 1902. More than five years had elapsed since the making of the loan before the commencement of the action, and the plea that the claim was barred by the statute of limitations was sustained. Section 3447, Code. The running of the statute was not tolled by Pasley's death. *Grether v. Clark,* 75 Iowa, 383; *Murphy v. Railway,* 80 Iowa, 26; *Ackerman v. Hilpert,* 108 Iowa, 247; see *Black v. Ross,* 110 Iowa, 112.

But appellee contends that this defense was waived by a failure to demur to the claim. It was for cash " deposited with decedent " and " received by decedent as trustee and custodian " for claimant. If this were so, the statute of limitations would not begin to run until demand had been made or the trust was repudiated. *Elliott v. Capital City State Bank,* 128 Iowa, 275. So the issue presented by the amendment to the answer could not have been raised by demurrer. For all that appears defendant may not have been aware of the nature of deceased's obligation until the evi-

dence had been introduced.   It then appeared without dispute that the money was loaned on Pasley's promise to repay upon demand, and the filing of the amendment to the answer setting up the bar of the statute of limitations was timely.

There was no ruling on the motion to strike, and it must be assumed that the court passed on the issues raised by the pleadings as they stood.   As the claim should have been rejected on this ground, other points argued need not be considered.— *Reversed.*