IN RE ESTATE OF WILLIAM HOENIG.

IN RE CLAIM OF D. J. HEMMY, Administrator, Claimant, Appellee, v. STEVE HOENIG, Administrator, Appellant.

No. 45522.

JUNE 17, 1941.

Hollingsworth & Hollingsworth and John. E. Newkirk, for appellee.

Herminghausen & Herminghausen and E. W. McManus, for appellant.

BLISS, J.—Plaintiff's intestate, Dorothy Robinson, was the daughter of a deceased child of J. B. Hoenig. The opinion and findings of the able trial court is a fair and concise statement of the facts, and is fully supported by the record. We set it out:

"The evidence in this case shows that J. B. Hoenig died on January 19, 1929, leaving a will containing the following items:

" '4. I give and bequeath to my two grandchildren, Nellie Robinson and Dorothy Robinson, children of my daughter Louise Robinson Hurley, the sum of Five Hundred ($500.00) Dollars, to be divided equally between them and I further direct that my brother, William Hoenig, act as Guardian of their property until such time as they shall reach lawful age.

" '6. After the payments of the bequests of Five Hundred ($500.00) Dollars to my daughter, Catherine Hoenig Millmeier and my grandchildren, Nellie Robinson and Dorothy Robinson, I give and bequeath all of the remainder of my estate to my four children Catherine Hoenig Millmeier, John Martin Hoenig, Henry W. Hoenig, Bernard W. Hoenig and my grandchildren, Nellie Robinson and Dorothy Robinson, said remainder to be divided into five equal shares, my four children each to receive one share and my grandchildren to receive one share to be divided equally between them.'

"The will of J. B. Hoenig was never probated, but six weeks after the death of J. B. Hoenig, William Hoenig, who was named in said will as executor, met with the adult beneficiaries under the will of J. B. Hoenig and it was agreed that the will would not be probated but the terms thereof would be carried out as directed in said will, and that William Hoenig would take charge of the assets of the estate of J. B. Hoenig and distribute them as per the terms of the will, also that William Hoenig would take care of any money or property due under said will to the plaintiff, a minor. At said meeting the said William Hoenig made a computation of the assets of the estate of J. B. Hoenig, said computation in William Hoenig's handwriting being introduced in evidence as Plaintiff's Exhibit L. By said computation the assets of the estate amounted to $5,943.73, and there was deducted therefrom the sum of $1,089.24, the indebtedness owed by said estate, and also $1,000.00, the specific bequests provided for in paragraphs 3 and 4 of the will, leaving the sum of $3,854.49. This latter sum was divided into five equal parts by William Hoenig as provided for in paragraph 6 of the will of J. B. Hoenig, giving to each residuary legatee the sum

of $770.89, as shown by the evidence in this case and by Exhibit F., which is in the handwriting of William Hoenig, deceased.

"William Hoenig died October 29, 1937, and Steve Hoenig was appointed administrator of his estate the 4th day of December, 1937. The estate of William Hoenig has never been finally settled and is still open.

"Dorothy Robinson died January 10, 1938 and was eighteen years of age at the time of her death. D. J. Hemmy was appointed administrator of her estate on May 16, 1938. On October 25, 1938, D. J. Hemmy, as administrator of the estate of Dorothy Robinson, filed a claim against the estate of William Hoenig, deceased claiming of said estate the sum of $1,096.62, which included interest for the legacy of Dorothy Robinson under the will of J. B. Hoenig. This claim was neither allowed nor paid by Steve Hoenig, the administrator of the estate of William Hoenig, deceased, and the said matter was brought on for trial on February 14, 1940. Dorothy Robinson died before reaching her majority."

As noted by the trial court, William Hoenig took possession of the assets of his brother, J. B. Hoenig, and made the distribution stated. He never paid Dorothy any part of the bequest of her grandfather. There is evidence that he paid her sister, Nellie, $75 when she reached her majority. He never denied the trust he assumed with respect to the legacy to Dorothy. In response to a letter from her inquiring about it, he wrote her, on January 28, 1937, a letter rather deprecating the extent of her grandfather's estate. In it he stated "when you get to be of age come and see me. When will you be of age. I think we can fix it some way."

Appellant assigns three errors on which he asks reversal. I. One of them is that the court erred in overruling grounds 5 and 6 of his motion for new trial alleging that the evidence failed to establish that William Hoenig came into possession of the assets of the estate of J. B. Hoenig, from which claimant would be entitled to a share. Appellant, in argument, urges that William Hoenig in making distribution of the assets of his deceased brother as provided in his will "was deceiving himself and advancing funds from his own pocket that he never

recovered.'' This appeal is not triable anew in this court. The findings of fact by the trial court are conclusive upon us if they have proper support in the record. We find that they do have such support. There is no merit in this assignment.

II. Appellant assigns error in the overruling of his motion for new trial and in arrest of judgment on the ground that the claim was barred by the probate statute of limitations.

The appellant was appointed administrator December 4, 1937. On October 25, 1938, appellee filed his sworn claim against that estate ''for amount of legacy due per statement hereto attached * * * $600. Interest on same to this date, $496.62.'' Notice of the filing of this claim was served on the appellant on December 2, 1938, and that it would come on for hearing on December 15, 1938. This notice stated:

''The claimed amount is due because of the following facts: Dorothy Robinson was the grand-daughter of John B. Hoenig, who died testate, but whose will was suppressed and never pro-bated. Under the terms of the will, Dorothy Robinson became entitled to the sum of $600 in 1928. That said legacy was collected, received and held by William Hoenig, deceased, who promised to safeguard it and hold it for Dorothy Robinson. He subsequently appropriated it and converted it to his own use. Instead of returning said amount to Dorothy Robinson, he failed and refused to account to her for the aforesaid legacy, although she frequently and on or about September 1st 1937 made demand therefor, * * *.''

Attached to the notice was a sworn statement of the claim reciting that it was a legacy for his intestate under the will of J. B. Hoenig, giving the amount thereof as stated in the claim filed on October 25, 1938. This notice was filed December 3, 1938. On December 14, 1938, appellant filed demurrer to the claim as not being clearly stated; based on a will not set out; not connected with the estate of William Hoenig; barred by the general statute of limitations; and, that it was not filed or notice thereof given as required by Code Section 11972.

On December 15, 1938, appellee filed petition for the allowance of his claim, reciting his appointment, the existence of

claims against the estate, and the lack of funds to pay them, and also:

"He further represents that John B. Hoenig died in the year 1928, leaving a will, a true copy of which is hereto attached, marked Exhibit A, and made a part hereof by reference. That under the 4th paragraph thereof, Dorothy Robinson became entitled to the sum of $500.00. That under the 6th residuary paragraph thereof, Dorothy Robinson became entitled to the sum of $500.00. That under the 6th residuary paragraph thereof, Dorothy Robinson became entitled to the further sum of $385.44. Due to the fact that after the payment of all the bequests, there remained more than $1,500.00, of which the share of Dorothy Robinson was approximately $385.44.

"He further represents that said will was never admitted to probate, but that during the month of March, 1928, while Dorothy Robinson was a minor of tender years, an agreement was made by the adult beneficiaries of the will that the provisions of said will be carried out, but that it was not probated.

"For cause of action against Steve Hoenig, as administrator of the estate of William Hoenig, deceased, D. J. Hemmy represents that said amounts were received by William Hoenig in March, 1928, and never turned over and paid to Dorothy Robinson, who died January 10th, 1938, before attaining her 21st birthday. That William Hoenig received and appropriated and converted to his own use the sum of $600.00, the rightful property of Dorothy Robinson, during the month of March, 1928, and although she made frequent demands upon him for the payment of said amount, he always refused to pay the same. That there is due the estate of Dorothy Robinson, the sum of $600.00 and $496.62 interest, or a total of $1,096.62, with interest thereon at 5% from October 25th, 1938. That demand has been made upon Steve Hoenig as administrator of the estate of William Hoenig, deceased, for the payment of amounts due the estate of Dorothy Robinson, deceased, but he has failed and refused to pay the same or any part thereof.

"That on or about December 2nd, 1938, this administrator caused to be served upon Steve Hoenig, as administrator of the estate of Willam Hoenig, deceased, timely and legal notice that

this claim would come on for hearing in this courtroom, on the 15th day of December, 1938, at 10:00 o'clock, all as required by law.''

Appellant on December 20, 1938 filed an amendment to his demurrer, alleging that the petition for allowance is not an amendment or an amplification of the claim, but is based upon an entirely different ground of recovery, and was barred under the general statute of limitations as an unwritten contract, within five years after the conversion, and was also barred under the statutes governing the filing and allowance of claims of the 4th class.

The demurrer was overruled by Judge Leary. Appellant's answer was a general denial, in substance, which again raised the statutory bars of limitation, but made no issue that the statement of claim in the petition for allowance was different from or inconsistent with the claim as filed on October 25, 1938. Attached to the petition for allowance was a copy of the will of J. B. Hoenig. Other amendments to the claim were filed alleging the dates of the deaths of Dorothy Robinson and J. B. Hoenig, and praying that the claim be established as a preferred claim and that a trust be imposed upon any assets in the estate of William Hoenig to the amount allowed upon the claim. The court allowed the claim in the sum of $635.44 with interest as provided by law from March 1, 1929.

It is our judgment that the petition for allowance and any amendments filed were simply explanatory of and in further amplification of the claim as filed on October 25, 1938, and were germane thereto. There was compliance with Code Section 11957 et seq.

A test often applied to situations of this kind, to determine whether an amendment to a claim is germane thereto or states a new cause of action, is whether the same evidence would support both, or whether the same measure of recovery is applicable to both, or whether a recovery under one would bar the other. We have always been liberal in allowing amendments where they merely state the claim more fully but do not change the basis of the claim or cause of action. Chariton National Bank v. Whicher, 163 Iowa 571, 145 N. W. 299; In re Estate of Skiles,

210 Iowa 935, 937, 229 N. W. 235; In re Estate of Howell, 179 Iowa 969, 162 N. W. 231; Newell v. Estate of Newell, 198 Iowa 710, 712, 200 N. W. 238; Hankins v. Young, 174 Iowa 383, 387, 156 N. W. 380. We think the appellant has no basis for this complaint.

III. The third assignment of error urged is based upon the overruling of appellant's motions for new trial and in arrest of judgment on the ground that the claim was barred by the general statute of limitations, more particularly subdivision 5 of Code Section 11007, under which the limitation period is five years. Other sections of the Code of Iowa which bear upon this question are 11015, 10957 and 10959.

Section 11015 is:

"Minors and insane persons. The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and insane persons, so that they shall have one year from and after the termination of such disability within which to commence said action."

Section 10957 is:

"All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same."

Section 10959 states:

"Any action contemplated in sections 10957 and 10958 may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased. Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the time it would have accrued to the deceased if he had survived. * * *"

Section 11015 of the Codes of 1935 and 1939 (Section 2535 of the Code of 1873, and Section 3453 of the Code of 1897) applies only to causes of action which accrued originally after the inception of, and during the disability of those designated in the section. It has no application to such causes as come to them by descent or devise or other manner of succession, and against which the statute had already begun to run, prior to

their having any claim to or interest therein. Black, Gdn., v. Ross, 110 Iowa 112, 113, 81 N. W. 229; Grether v. Clark, 75 Iowa 383, 386, 39 N. W. 655, 9 Am. St. Rep. 491.

The claim of Dorothy Robinson comes within the provisions of Section 11015, because it accrued during her minority when she was about nine years old, and because her disability on account of minority was terminated by her death when about eighteen years old. That such a disability is terminated by the death of the disabled person has been held by us. Gibbs' v. Sawyer, 48 Iowa 443, 444; Wood v. Wood, 136 Iowa 128, 133, 113 N. W. 492, 12 L. R. A., N. S., 891, 125 Am. St. Rep. 223.

Appellee contends that since the claim is a legacy, and appellant's intestate held the property in trust for Dorothy Robinson, which trust was never repudiated, the statute of limitations never began to run against the claim. Appellant insists that it is a claim within subdivision 5 of Code Section 11007. We will concede for the purpose of argument that appellant is right in his contention, and that the cause of action accrued about 1929 and the five-year period of limitation started at that time and terminated in 1934. It has been uniformly held that once the statute of limitations begins to run nothing stops it. Not even death or disability will toll the statute unless it be otherwise provided by statute. Black, Gdn., v. Ross, supra (110 Iowa 112); Grether v. Clark, supra (75 Iowa 383); Bishop v. Knowles, 53 Iowa 268, 5 N. W. 139; Roelefsen v. City of Pella, 121 Iowa 153, 155, 96 N. W. 738; Ackerman v. Hilpert, 108 Iowa 247, 79 N. W. 90; Mereness v. First Nat. Bank, 112 Iowa 11, 83 N. W. 711, 51 L. R. A. 410, 84 Am. St. Rep. 318; Warner v. Hamill, 134 Iowa 279, 290, 111 N. W. 939 (laches); Widner, Exr., v. Wilcox, Admr., 131 Iowa 223, 108 N. W. 238; Hodgson v. Keppel, 211 Iowa 795, 802, 232 N. W. 725; 1 Wood on Limitations, 4th Ed., section 6, pages 12, 17, 18, 19, 20; 2 Wood on Limitations, 4th Ed., section 242a(1), page 1136.

Section 11015 is the statutory provision which extends the limitation periods as fixed by Section 11007, in favor of minors and insane persons during the entire period of disability and for one year after the termination of such disability. When Dorothy Robinson died on January 10, 1938, her claim was a live, enforceable one. Under Code Section 10957, that claim

survived her death, and her rights in that claim and cause of action, and her rights under Code Section 11015, passed and accrued to her administrator. She died on January 10, 1938. Her administrator was appointed May 16, 1938, and he filed the claim against the defending estate on October 25, 1938, and took all proper steps thereunder well within the year following her death, and within the statutory extension period. There is no merit in this assigned error.

The appellant argues that ''the privilege extended to minors by Section 11015 of the Iowa Code is a personal one and does not pass to the personal representative. * * * Had she lived to survive the age of 21 years, she could have availed herself of Section 11015 * * * but since she did not survive her majority, the privilege extended by Section 11015 to persons under disability did not pass to her personal representative.''

In other words, if the disability of minority terminates by the passage of time, or by marriage, the claimant has one year thereafter in which to enforce his claim, but if he is unfortunate enough to terminate it by losing his life during his minority at a time when the general statutory period of limitation has run, his claim is lost because he cannot enforce it since he is dead, and his representative cannot enforce it since the extension period cannot be taken advantage of by him. We do not believe the legislature ever intended such an incongruity. This court has never so construed these statutory provisions.

Appellant contends that we so held in Murphy v. Chicago, M. & St. P. Ry. Co., 80 Iowa 26, 29, 45 N. W. 392. We think he misconceives the holding in that case. There the plaintiff's intestate, a boy 18 years old was killed by the defendant's negligence and died a few hours afterward on January 1, 1887. Death thus terminated his minority disability. The limitation under Section 2529, Code of 1873, the general statute of limitations, was a period of two years from the accrual of the cause of action on January 1, 1887, thus terminating on January 1, 1889. The cause of action vested in the boy upon receiving the injury, and on his death it survived and vested in his administrator. (1873 Code Sections 2525, 2526, 2527.) The statute of limitations started to run as soon as the cause of action accrued and was not tolled by his death. The cause of action survived

and would have accrued to anyone appointed administrator of his estate, who would have had two years from January 1, 1887 to enforce the claim. No administrator was appointed until March 6, 1889, which was after the statute had run since death did not toll its running. Action was not commenced until April 15, 1889. It was, of course, then barred by the general statute of limitations. Section 2535 (now Section 11015) had no application to the case, and nothing to do with the plaintiff's failure to recover. A statute which gave but a year's extension after the intestate's death was of no avail or advantage when the general statute of limitations gave two years from that time. What the court said about Section 2535 could well have been omitted. It may have been that the court meant that the section had no application when it said: "Section 2535 confers no right upon the legal representative of a decedent in a case of this kind", because it did confer no right or advantage under the circumstances of the case. This case in no way sustains appellant's contention.

Neither is McNeil v. Sigler, 95 Iowa 587, 64 N. W. 604, of any aid to the appellant. There is no holding in that case that the right to a year's extension under Section 2535 of the Code of 1873 (now Section 11015) would not and did not pass to the insane intestate's administrator. While the cause of action accrued during the disability, the year's extension of time was available under Code Section 2536 (now Section 11016) and not Section 2535 because the death of the intestate occurred during the year next previous to the expiration of the general statutory limitation which expiration was January 4, 1892. The intestate died June 19, 1891, so that the year of extension ended June 19, 1892. The administrator was appointed May 8, 1893, and brought suit May 10, 1893, which was beyond the extension period. For that reason, the demurrer grounded on the statute of limitations was good. What the plaintiff attempted to do in that case was to extend the limitation period for two years—one year under Section 2535 and one year under Section 2536. The court held that an extension of but one year was permitted.

The claim of appellee comes within the terms of Section 11015. It was, therefore, not barred within five years after a cause of action accrued thereon in 1933 or 1934, but as stated in

McNeil v. Sigler, 95 Iowa 587, 591, 64 N. W. 604, 605: "The statute continues during the entire time of disability, and for one year thereafter." The claim of Dorothy Robinson, therefore, existed and continued as a live claim up to the moment of her death, "and for one year thereafter," and whatever rights she had survived to her administrator for that period of time. There can be no question that if the administrator in the McNeil case had brought his action within the year of extension he would have recovered. He failed only because he did not do so.

A case involving a matter somewhat similar to the one before us is Wood v. Wood, supra (136 Iowa 128, 132, 133, 113 N. W. 492, 494). In that case, the administrator and the heirs of a deceased insane person attempted within the first year after her death, by petition, under Section 4094 of the Code of 1897, to obtain a new trial and set aside a decree of divorce obtained against the deceased about 20 years before. Section 4094 provided that such proceedings must be commenced within one year after the judgment or order was made, "unless the party entitled thereto is a minor or person of unsound mind, and then within one year after the removal of such disability." In that case, the disability of insanity was terminated by death. In reversing the trial court for dismissing the petition this court, with reference to 1897 Code Sections 3443 and 3445, respecting survivorship of causes of action, said:

"These statutes should be liberally construed, so as to permit the substitution of the representative or successors of the deceased litigant in his place at any time before the cause is finally disposed of. The procedure is somewhat akin to that by bill of review in equity, which might be filed by any one showing that he had an interest which was injuriously affected by the decree, and the manifest object of the last section quoted is to render available to the legal representative or successors in interest all the remedies to which the litigant, had he lived, might have resorted."

And with reference to the removal of disability under Section 4094, the court said:

"What is meant by the statute is such a change that an

730

action may be prosecuted when the reason has been restored or upon his death, *when suit may be prosecuted against his representatives or successors.*" (Italics ours.)

What we there said applies with just as good reason to a like provision in Section 11015 with respect to the case before us for decision. The judgment is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.