DAISY WERNET, appellant, v. GOLDIE JURGENSEN et al., appellees.

No. 48439.

(Reported in 63 N. W. 2d 216)

March 9, 1954.

Lee R. Harding, of Clinton, for appellant.

Alan M. Mayer, E. C. Halbach and E. P. Delaney, all of Clinton, for appellees.

Bliss, C. J.—This action was before us on a prior appeal of appellant involving procedural rulings, and is reported in 241 Iowa 833, 43 N.W.2d 194. On that appeal judgment was reversed on a ruling sustaining defendants' motion to dismiss, and the case was remanded with instructions to overrule that motion.

 The factual basis of plaintiff's action as stated in our earlier opinion will not be restated. On the retrial it was the plaintiff's erroneous contention that the reversal by this court left defendants estopped from pleading further, and enabled plaintiff to recover upon establishing the damages alleged to have been suffered. Defendants introduced their evidence and, upon the whole record, the trial court found and adjudged: that Hans Jurgensen, against whom the plaintiff claimed indebtedness for services rendered, and his wife, the defendant Goldie Jurgensen, living apart from him, at and prior to January 1949 held title to the dwelling in joint tenancy with right of survivorship, and on the death of Hans, in January 1949, Goldie became the owner in fee simple of the property; that plaintiff, regardless of any agreement with Hans that she might remain in the property after his death until his debt to her was satisfied, had no legal right to so occupy the property; that plaintiff failed

to establish her **right** of occupancy by reason of any oral agreement with Goldie after the death of Hans; that defendants did not by any force, trickery, threats, or any other unlawful means compel her to leave the premises on September 13, 1949, but took possession thereof with plaintiff's permission and acquiescence; that defendants placed plaintiff in possession of her household goods and that neither she nor her property received any injury; that plaintiff was never in lawful possession of the premises after the death of Hans Jurgensen, but only as a tenant without consent of Goldie Jurgensen, until possession was surrendered to Goldie Jurgensen on September 13, 1949, prior to which date there had been no contact, communication or agreement, written or oral, relative to plaintiff's possession of said premises, because of the confinement of said defendant as a patient in the State Hospital at Mount Pleasant, Iowa; and that plaintiff received no title to or conveyance of any interest in the real estate involved herein, and that no title to, or right of possession of, any personal property passed from Hans Jurgensen to the plaintiff.

In accord with these findings of fact and conclusions of law the trial court rendered judgment against the plaintiff and in favor of the defendant Goldie Jurgensen "in the sum of seventy-five ($75) dollars plus interest at five per cent per annum from and after May 25, 1953", with costs taxed at $106.65.

■■ This case is not triable anew in this court. Under rule 334 of the Rules of Civil Procedure the "findings of fact in jury-waived cases shall have the effect of a special verdict." The findings of fact of the trial court are sustained by substantial evidence and its conclusions of law are sound and right, and the judgment based thereon will not be disturbed on this appeal. We have many times so held. See the following decisions and authorities cited therein: Davis v. Knight, 239 Iowa 1338, 1340–1342, 35 N.W.2d 23; Carlson v. Bankers Trust Co., executor, 242 Iowa 1207, 1214, 1218, 1219, 50 N.W.2d 1; In re Estate of Hoenig, 230 Iowa 718, 722, 298 N.W. 887; Roth v. Headlee, 238 Iowa 1340, 1342, 29 N.W.2d 923. The judgment is—Affirmed.

All JUSTICES concur.