# IN THE COURT OF APPEALS OF IOWA

No. 19-1859
Filed April 14, 2021

**MATTHEW A. LEONARD,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Samantha J. Gronewald, Judge.

The applicant appeals the dismissal of his postconviction-relief action. **AFFIRMED.**

Blake D. Lubinus (until withdrawal) of Lubinus & Merrill, P.L.C., Des Moines, and Jesse A. Macro Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

We face overlapping ineffective-assistance-of-counsel claims from Matthew Leonard's criminal case, as well as his first and second actions for postconviction relief (PCR). These claims arise in Leonard's appeal from the summary dismissal of his second PCR application. He contends the district court should have allowed him to amend his pro se application and should not have dismissed his actual-innocence claim without a hearing. He adds a new argument on appeal: that his second PCR counsel was ineffective in failing to timely file the amendment.

Because Leonard's belated claims did not relate back to his original pleading, the court did not abuse its discretion in denying the motion to amend. Likewise, summary dismissal was appropriate because Leonard failed to allege sufficient proof that he was actually innocent. Finally, Leonard cannot show he was prejudiced by the performance of his second PCR counsel. Thus, we affirm denial of the motion to amend and the summary dismissal.

## I. Facts and Prior Proceedings

In spring 2014, the State charged Leonard with two counts of second-degree robbery stemming from two separate incidents. The first robbery occurred in late January 2014 when Leonard allegedly demanded money from employees at the Dollar General store. The second offense occurred about one week later when Leonard took items and threatened an employee at a Game Stop location.

Leonard pleaded guilty to both robberies in December 2014. In January 2015, the court sentenced him to an indeterminate twenty-year sentence for the

two robbery offenses with a mandatory minimum of fourteen years.[1]  On direct appeal, he challenged only his sentence; this court affirmed.  *See State v. Leonard*, No. 15-0381, 2015 WL 7686999, at *1 (Iowa Ct. App. Nov. 25, 2015).  Procedendo issued February 1, 2016.

One month later, Leonard filed his first application for PCR.  He alleged that his defense attorney, Joseph Renzo, was ineffective in allowing him to plead guilty knowing the State had changed its sentencing recommendation from concurrent to consecutive terms.  First PCR counsel, John Heinecke, recast the application in August 2016.  The PCR court denied relief, and we affirmed.  *See Leonard v. State*, No. 17-1140, 2019 WL 719020, at *1 (Iowa Ct. App. Feb. 20, 2019).  Procedendo issued March 29.

While the first PCR appeal was pending, Leonard filed a second PCR action in January 2018.[2]  In his pro se application, Leonard alleged he did not knowingly enter his guilty pleas; attorney Renzo misled him into pleading guilty when he requested a trial; he received no concession from the State; and evidence existed that could "exonerate" him on one of the two robbery charges.  The court appointed second PCR counsel, John Audleheim, eight days later.  In February 2018, the district court stayed the second PCR proceeding until the first PCR appeal concluded.  So Leonard waited another year, until this court affirmed in February 2019.  *Id.*  The district court lifted the stay in April 2019.

---

[1] On a separate forgery charge, Leonard pleaded guilty and received a prison term not to exceed five years, to run concurrent with the longer robbery sentences.
[2] The three-year statute of limitations for filing an application for PCR ran on February 1, 2019.  *See* Iowa Code § 822.3.

No more filings occurred until June 2019, when the State moved for summary disposition. The State argued Leonard's claims in the second PCR–that his guilty pleas were not knowing and voluntary because the State offered no concessions–were decided in his first PCR action. As for the actual-innocence claim, the State argued the record contradicted it and Leonard offered no newly discovered evidence in support.

On August 28, Leonard both resisted the motion to dismiss and asked leave to amend his second PCR application. Leonard argued that claims involving the performance of attorney Heinecke, his first PCR counsel, had yet to be adjudicated. Leonard asserted that Heinecke knew he did not rob the Dollar General but failed to explore "multiple ways" to prove his innocence. In response, the State argued the proposed amendment would be untimely because it did not relate back to the original filing.

The district court found Leonard was pursuing a new claim of ineffective assistance against Heinecke after the statute of limitations had expired. And because the proposed amendment did not relate back to Leonard's timely filed second application under Iowa Rule of Civil Procedure 1.402(5), the court denied his motion to amend. The court then granted summary disposition of his second PCR application. Leonard appeals.

## II. Scope and Standards of Review

We review the summary dismissal of a PCR application for errors at law. *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019). But if the applicant requests relief based on constitutional principles—like Leonard's ineffective-assistance-of-counsel claims—we review the case de novo. *See Moon v. State*, 911 N.W.2d

137, 142 (Iowa 2018). We review the ruling on Leonard's motion to amend for an abuse of discretion. *See Anderson v. Anderson Tooling, Inc.*, 928 N.W.2d 821, 826 (Iowa 2019). "An abuse of discretion occurs when the 'decision is based on a ground or reason that is clearly untenable or when the court's discretion is exercised to a clearly unreasonable degree.'" *Id.* (quoting *Pexa v. Auto Owners Ins.*, 686 N.W.2d 150, 160 (Iowa 2004)).

### III. Analysis

### A. Motion to Amend

Leonard contends the district court abused its discretion in denying his motion to amend. Leonard acknowledges he asked to amend after the statute of limitations expired on February 1, 2019.[3] But he insists the August 2019 amendment related back to the timely filed January 2018 PCR application. Leonard premises his argument on section 822.3 and the "relation-back" doctrine adopted in *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018). That decision allowed an applicant to avoid dismissal under section 822.3 when he alleged in a second PCR proceeding brought outside the three-year time frame that the attorney in his first PCR proceeding was ineffective in presenting the same claim as raised in the second proceeding. *Allison*, 914 N.W.2d at 889–91 (requiring successive PCR petition be "filed promptly" after conclusion of first PCR action).

---

[3] Under Iowa Code section 822.3 (2019), a PCR action must be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Leonard filed his second PCR in January 2018, within the three-year limitations period, but did not moved to amend until August 2019. Leonard makes no argument that the stay of the second PCR tolled the statute of limitations.

But Leonard's reliance on *Allison* is unavailing. The legislature amended Iowa Code section 822.3—effective July 1, 2019—to prohibit a claim of ineffective assistance of PCR counsel from relating back to a prior filing to avoid the limitations period, essentially undoing the *Allison* holding. *See* 2019 Acts ch. 140, § 34 (codified at Iowa Code § 822.3 (Supp. 2019)).[4] Our court has recognized that abrogation. *See, e.g.*, *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (holding second PCR application was late). And now we apply the recent enactment to a motion to amend within this existing second PCR action.

Leonard moved to amend his application with a claim of ineffective assistance of PCR counsel *after* the legislation's effective date.[5] So the new prohibitions in section 822.3 apply; relation back is unavailable under *Allison* or otherwise. Leonard acknowledges the legislative change but complains the addition to section 822.3 does not address the public policy reasons or constitutional basis for the *Allison* decision. Yet Leonard stops short of arguing the legislation is unconstitutional. We thus decline Leonard's invitation to remand under *Allison*.

And what's more, *Allison* was not the basis of the district court's ruling.[6] Instead, the court found the proposed amendment did not relate back under the

---

[4] The amended language provides, "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." Iowa Code § 822.3.

[5] As the State argues, the proposed amendment "would have effectively been his third PCR application."

[6] The district court did cite *Allison* in a footnote. The court acknowledged that a stay prevented any new filings in the second PCR action until April 2019 but

rules of civil procedure. For an amendment to relate back to the date of the original pleading, the claim asserted must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Iowa R. Civ. P. 1.402(5); *see also* Iowa Code § 822.7 ("All rules and statutes applicable in civil proceedings including pretrial and discovery procedures are available to the parties."). The court viewed Leonard's proposed amendment as adding a claim distinct from the allegations raised in his January 2018 application.[7] Finding the claim alleging attorney Heinecke's ineffective assistance did not relate back, the court considered it time-barred and denied the motion to amend.

To assess whether the court abused its discretion, we scrutinize the substance of the filings. In his January 2018 pro se application, Leonard asserted:

> My plea was not entered knowingly and willfully—evidence exists that can exonerate me of one of the robbery charges—defense counsel misled me into pleading guilty when I requested a trial—I received no concession from the state for my guilty pleas—Never had a chance to face my accusers or present evidence on my behalf. My best interests have NEVER been taken into account throughout this process.

---

emphasized that Leonard waited until August 2019 to move to amend. The court believed that the four-month delay contravened the "prompt" filing mandate in *Allison*, 914 N.W.2d at 891. If *Allison* applied, we would agree. *See Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *3 (Iowa Ct. App. Sept. 2, 2020) (concluding 121 days between procedendo and filing of successive petition was not prompt).

[7] The district court explained that to determine whether an amendment relates back or states a new cause of action, the test is "whether the same evidence would support both, or whether the same measure of recovery is applicable to both, or whether a recovery under one would bar the other." *In re Hoenig's Estate*, 298 N.W. 887, 890 (Iowa 1941). In *Hoenig's Estate*, the issue was misnomer of a party and notice to the unnamed party. *Id.* In PCR actions, the parties are not in question. Instead, the concern is prejudice or unfair surprise to the State in having to defend a new claim. *See Keyes v. State*, No. 15-0383, 2017 WL 1086781, at *7 (Iowa Ct. App. Mar. 22, 2017). But "prejudice is not the only factor we consider in our analysis." *Id.* We also examine whether "[t]he proposed amended application would have substantially changed the issues to be tried." *Id.*

For "[f]acts supporting the application," Leonard claimed to be aware of these items

and information:

> Initial Police report by DMPD—Cell phone records—Depositions in former PCR hearing both by Judge Blane & Joseph Renzo
>
> Eyewitness accounts—medical history—character witnesses—Victims identifying another suspect—Alibi for my whereabouts at the time of one of the offenses—Court records from plea—sentencing—and PCR trial[.]

Then in his August 2019 motion for leave to amend, Leonard claimed

> that he is actually innocent of the robbery of the Dollar General . . . and states that both prior trial and prior PCR counsel knew he was actually innocent. Renzo provided ineffective assistance of counsel by allowing Leonard to plead guilty and Heinecke provided ineffective assistance of counsel by failing to explore multiple ways this could have been proven, as detailed in the attached affidavit.

Other alleged deficiencies were Heinecke's "lack of communication" and "failure to

question trial counsel regarding his knowledge of Leonard's innocence of the

Dollar General robbery." Leonard also provided his affidavit asserting additional

facts and possible sources of evidence. He stated:

> I told Heinecke that I did not commit the Dollar General robbery. I ended my involvement with the conspiracy to rob the store and someone else robbed it. I asked Heinecke to subpoena my cell phone records which would have shown I was on the phone with my wife at the time of the robbery. It is possible cell phone records would have shown I was not in the vicinity of the robbery.

Leonard criticizes attorney Heinecke's failure to investigate his innocence

including his failure to subpoena cell phone records possibly containing a potential

alibi.[8] His original application focused on attorney Renzo's conduct in misleading

---

[8] In his brief in support of the motion, Leonard argued his August amendment related back to his initial filing because it "quote[d] parts of Leonard's initial pro se

him into pleading guilty, failing to obtain "concession[s] from the state," and denying Leonard "a chance to face [his] accusers or present evidence." By contrast, the alleged deficiencies in Heinecke's performance in the PCR action did not arise out of the conduct set forth in the original pleading. Plus, Leonard would have needed different evidence to support the allegations in the proposed amendment. *See Hoenig's Estate*, 298 N.W. at 890. Leonard's later focus on Heinecke's alleged lack of communication and his examination of Renzo at the first PCR trial would have reshaped the issues to be tried in the second PCR case. So the court did not abuse its discretion in denying the motion for leave to amend the January 2018 application.

## B. Summary Judgment

Next, Leonard contends the district court erred when it granted the State's motion for summary disposition of his actual-innocence claim for lack of evidence to support it. The district court said:

> For his second claim, Applicant asserts that he is actually innocent as it relates to the charge stemming from Polk County Case No. FECR273775. This assertion is directly contradicted by the transcript from Applicant's plea hearing. Further, no newly discovered evidence of actual innocence has been identified by Applicant either in his postconviction relief application or his documents filed in resistance to Respondent's Motion for Summary Judgment.

---

application and detail[ed] the ways in which he was trying to say he had received ineffective assistance of postconviction counsel." When the State argued those issues were decided in the first PCR action, Leonard clarified he was raising PCR counsel's failure to challenge trial counsel's deficient performance. Thus Leonard affirmed that the proposed amendment targeted PCR counsel, while the original application focused only on trial counsel's performance.

We apply general summary judgment principles. *Moon*, 911 N.W.2d at 142. Dismissal was proper if the record revealed "no genuine issue as to any material fact" and the State was entitled to judgment as a matter of law. *See id.* (quoting Iowa R. Civ. P. 1.981(3)). We look at any "pleadings, depositions, answers to interrogatories, . . . admissions on file, and . . . affidavits." *Id.* The State bears the burden of proof, and we view the evidence in the light most favorable to Leonard. *See id.* at 142–43. All legitimate inferences that can be drawn from the record go in Leonard's favor. *See id.*

Normally a guilty plea forecloses later challenges on grounds extrinsic to the plea. *Dewberry*, 941 N.W.2d at 5. But our supreme court recognized an exception for claims of actual innocence.[9] *See Schmidt v. State*, 909 N.W.2d 778, 795 (Iowa 2018) ("[T]he Iowa Constitution permits freestanding claims of actual innocence. Furthermore, freestanding claims of actual innocence permitted by the Iowa Constitution are available to applicants even though they pled guilty.").

Leonard contends the district court erred in granting summary disposition on his actual-innocence claim premised on alibi evidence. Recall the court rejected his actual-innocence claim because it contradicted the plea record. Leonard attacks that logic, noting "[t]his contention makes little sense given that potentially every single actual innocence claim brought pursuant to *Schmidt* would contradict the record at a plea hearing."

---

[9] Another wrinkle appears in *Dewberry*, which concludes "a postconviction-relief applicant can establish a claim of actual innocence only upon clear and convincing evidence he or she was factually innocent of the offense of conviction, including any lesser included offenses thereof." 941 N.W.2d at 10. Here, it is unclear if Leonard's claim to an alibi is a complete defense. He admits in his affidavit he participated in a conspiracy to rob the store, up to a point.

True, *Schmidt* allows applicants who entered guilty pleas to raise an actual-innocence claim. *Id.* at 789 ("We know people plead guilty for all sorts of reasons."). But the evidence accepted at the plea hearing is not irrelevant. *Schmidt* requires the district court to decide whether the applicant has shown "by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty *in light of all the evidence*, including the newly discovered evidence." *Id.* at 797 (emphasis added). Because he did not go to trial, the evidence supporting Leonard's robbery conviction includes the minutes of testimony and his admissions at the plea hearing. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) (relying on minutes of testimony to support factual basis for guilty plea though plea-taking court did not articulate it was relying minutes).

As for the minutes, the State expected two employees from the Dollar General Store to testify to what they saw and heard during the January 2014 robbery. They recalled the robber demanding all the money from the cash register. They planned to testify that when the robber "had his hand inside his sweatshirt pocket . . . it appeared that he was holding a gun." When they took out $183 in cash, the robber grabbed the money and fled the store. The witnesses did not know the robber by name but believed he was a former customer. According to the minutes, the store's security footage captured the robbery.

And the State had more. Leonard's wife was expected to testify that Leonard "confessed to her that he stole money from the Dollar General Store" and electronics from the Game Stop. She reported his illegal activity to police. A police

detective planned to testify that after agreeing to an interview, Leonard confessed to committing both robberies.

At the plea hearing, when establishing a factual basis for the Dollar General robbery, Leonard gave this sworn statement to the court: "On the 26th of January I entered the store in Polk County, demanded money, and used fear and intimidation to acquire that money and then fled the scene." In response to a question from the court, Leonard added: "I demanded money from the cash register, and then I threatened a person working there with physical harm, putting them in fear of bodily injury, on purpose, not by accident, and then fled the scene."

That plea record contributed to the actual-innocence analysis. The question before the district court was whether a reasonable fact finder could convict Leonard of the Dollar General robbery, given the factual basis for his guilty plea, when he now professed to having an alibi. To support his alibi defense, Leonard did not submit any affidavits (other than his own), nor any depositions or exhibits. Instead, he asserted "evidence exists that can exonerate me of one of the robbery charges." That evidence pointed to cell phone records, victims identifying another suspect, and again an "[a]libi for my whereabouts at the time of one of the offenses."

Even viewed in the light most favorable to Leonard, those allegations fall short of the heavy burden required to show that no reasonable fact finder could convict him. Leonard did not identify who could verify his alibi. He did not explain how the cell phone records would establish his alibi. He did not identify which witness pointed to another suspect. His pleading lacks sufficient detail to support the claim of actual innocence. On those undisputed facts, and taking the evidence

in the light most favorable to Leonard, we agree that the State is entitled to judgment as a matter of law. Summary dismissal was proper.

## C. Ineffective Assistance of Second PCR Counsel

Finally, Leonard contends attorney Audleheim, his second PCR counsel, was ineffective by failing to timely move to amend the application. The State concedes that Leonard may raise this claim for the first time on appeal, citing *Dunbar v. State*, 515 N.W.2d 12, 16 (Iowa 1994).

To prevail on this claim, Leonard must show Audleheim breached an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (Iowa 1984). We affirm if either element is unproven. *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015). Counsel's performance is deficient if it falls below "an objective standard of reasonableness." *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (quoting *Strickland*, 466 U.S. at 688). As for prejudice, Leonard must show but for counsel's poor performance, a reasonable probability existed that the result of the proceeding would have been different. *See id.*

Leonard argues that by waiting for four months after the court lifted the stay to move to amend his second PCR application, counsel performed below professional standards. *See id.* ("Permitting a client's postconviction relief application to be dismissed because of inaction is never an effective trial strategy."). The State counters that the record is inadequate to show a breach of duty: "It is not known when Leonard shared with his counsel the claims he states in his affidavit, and likewise, it is not clear if counsel should even have investigated such claims."

To resolve this appeal, we need not wade into the quality of counsel's performance. Proof of prejudice is lacking. Even if a timely filing would have allowed his claims to proceed to a hearing, Leonard fails to show a reasonable probability he would have met *Schmidt*'s clear-and-convincing standard for a free-standing claim of actual innocence—even with an amended application and additional filings. *Schmidt*, 909 N.W.2d at 797. His affidavit alleges cell phone records could have shown he was talking to his wife at the time of the Dollar General robbery, possibly "not in the vicinity of the robbery." This allegation assumes the cell phone records would be beneficial without evidence to support that conclusion. The allegation also contradicts the expected testimony of his wife that he confessed to the robbery. And Leonard does not claim his wife would recant her report to police. *Cf. id.* at 799 (describing victim's recantation as having "the *potential* to qualify as material evidence that probably would have changed the outcome of Schmidt's case"). Leonard cannot show that but for Audleheim's performance, he would have succeeded on his actual-innocence claim. Thus, we affirm denial of the motion to amend and the summary dismissal of the PCR application.

**AFFIRMED.**

Schumacher, J., concurs; Vaitheswaran, P.J., concurs specially.

**VAITHESWARAN, Judge.** (concurring specially).

I specially concur. I too would affirm the district court's summary disposition of the postconviction-relief application, but I would not reach the merits of Leonard's actual-innocence claim. That claim was raised in his amended postconviction-relief application filed after the three-year time bar set forth in Iowa Code section 822.3 (2019). Leonard did not premise his claim on newly discovered evidence, and he failed to raise a ground of fact that could not have been raised in the applicable time period. Accordingly, I would conclude his claim was time-barred.