**Dennis Gene JACOBSON and Rebecca Jo Jacobson, Appellants,**

v.

**UNION STORY TRUST AND SAVINGS BANK, Executor of the Estate of Paul T. Spies, Deceased, Appellee.**

No. 68675.

Supreme Court of Iowa.

Sept. 21, 1983.

Paul H. Rosenberg of Rosenberg & Margulies, Des Moines, for appellants.

John B. Grier of Cartwright, Druker & Ryden, Marshalltown, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, SCHULTZ, and CARTER, JJ.

SCHULTZ, Justice.

This appeal arises out of a grant of summary judgment to the defendant in tort action and illustrates the risks of commencing a lawsuit on the final day of the limitations period.

Dennis and Rebecca Jacobson, plaintiffs, were allegedly injured on February 16, 1979, when the automobile they were driving collided with a car driven by Paul Spies. On February 17, 1981, the day after a legal holiday and the last day before the expiration of the limitations period, plaintiffs filed a lawsuit against Spies in district court. Two days later the sheriff returned the original notice to the clerk with a notice of nonservice because Spies was deceased. Spies had died on July 7, 1980, but no estate had been opened nor had plaintiffs been informed of his death. On August 6, 1981, plaintiffs petitioned for the administration of the estate. Pursuant to court order the estate was opened and Union Story Trust and Savings Bank (bank) appointed executor. On November 17, 1981, plaintiffs filed a substituted and amended petition naming the bank as defendant.

On February 11, 1982, following the bank's answer and after discovery proceedings, the bank moved for summary judgment on the basis that a claim against it as executor was barred by the statute of limitations. In the attached supporting statement the bank detailed undisputed facts concerning the dates of the accident, initiation of the suit against decedent and the substituted and amended petition. In its accompanying memorandum the bank

claimed that the filing of a petition against a deceased person did not toll the statute of limitations and the substitution of the executor did not relate back to the filing of the original petition against the decedent.

Prior to the hearing on the motion, plaintiffs filed a resistance with a supporting affidavit. The resistance alleged that the statute did not bar the claim as the suit had been timely commenced against the decedent, plaintiffs had been negotiating with Spies' insurer and plaintiffs were not informed of Spies' death. The supporting affidavit, however, was confined to proof that February 16 was a legal holiday.

In a motion to supplement the record that was filed after the hearing, plaintiffs offered an additional affidavit. The district court denied this motion; however, it indicated the facts contained in the affidavit would not have changed the result. Consequently, we shall consider these additional facts without deciding whether or not the district court abused its discretion in overruling the motion. The second affidavit signed by plaintiffs' lawyer detailed facts concerning negotiations he conducted with Spies' insurance company and an offer of settlement by the company after Spies' death. It also verified he did not know of the death.

The court granted the defendant summary judgment on the ground that the action against the bank was barred by the statute of limitations. It concluded that the statute of limitations was not tolled by the filing of the petition against the deceased.

█ Iowa Code section 614.1(2) requires that an action based on injury to the person be commenced within two years. Plaintiffs' suit was commenced on the last day of the two-year period, but it named a decedent as the only defendant. A decedent does not have the capacity to be sued. 67A C.J.S. *Parties* § 41 at 741 (1978); 59 Am.Jur.2d *Parties* § 46 at 407 (1971). Nor does the death of the person to be sued toll the statute of limitations unless otherwise provided by statute. *Overbeck v. Dillaber,* 165 N.W.2d 795, 796 (Iowa 1969), *quoting In re Estate of Hoenig,* 230 Iowa 718, 726, 298 N.W. 887, 891 (1941); *Widner v. Wilcox,* 131 Iowa 223, 108 N.W. 238 (1906). Accordingly, we must examine our statutes and rules to determine whether or not any of them provide authority to stop the running of the limitation based on plaintiffs' suit against the decedent.

Iowa Code section 614.2 does provide some relief for claimants when a defendant dies before the end of the limitations period. That section states:

In all cases where by the death of the party to be charged, the bringing of an action against his estate shall have been delayed beyond the period provided for by statute, the time within which action may be brought against his estate is hereby extended for six months from the date of the death of said decedent.

Plaintiffs cannot take advantage of this section because they brought their action more than six months after the date of Spies' death.

█ Nor does Iowa Rule of Civil Procedure 15 provide any relief to plaintiffs. In providing for substitution of legal representatives and successors in interest of a "deceased party," rule 15 is very similar to rule 25(a)(1) of the Federal Rules of Civil Procedure. Federal courts considering rule 25(a) in connection with the situation we now face have held that federal rule 25(a)(I) contemplates substitution for someone who had been made a party prior to his death. *Mizukami v. Buras,* 419 F.2d 1319 (5th Cir.1969); *Moul v. Pace,* 261 F.Supp. 616 (D.Md.1966); *Chorney v. Callahan,* 135 F.Supp. 35 (D.Mass.1955); Fed.Proc., L.Ed. § 59:426 at 298 (Interim Binder 1983). Plaintiffs concede that Iowa rule 15 is of no help to their cause.

Plaintiffs argue that even though they cannot prosecute their suit against the original defendant they can amend their lawsuit by naming the executor as defendant. They contend that the amendment relates back to the suit filed within the statute of limitations pursuant to Iowa Rule of Civil Procedure 89.

Before we address plaintiffs' argument, we note defendant's contention that the filing of a lawsuit against a deceased person is void *ab initio.* Defendant contends

that such a suit does not invoke the jurisdiction of the trial court; thus, there is no lawsuit to which an amendment can relate back. We need not consider whether the original lawsuit was a nullity because we conclude that plaintiffs did not meet the criteria of rule 89.

Rule 89 does provide authority for an amendment to a suit to relate back in time to the filing of the original suit. However, certain criteria must be met. That rule states:

> All amendments must be on a separate paper, duly filed, without interlining or expunging prior pleadings. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Without question, plaintiffs' substituted petition satisfies the first criterion of rule 89 for relation back of the amended pleading. The only change from the original petition to the subsequent amendment was the name of the party defendant. Unfortunately, however, plaintiffs have failed to satisfy the remaining requirements of rule 89. To meet these two requirements, plaintiffs must, within the two-year limitations period, give notice of the institution of the lawsuit to the substituted party such that he will not be prejudiced in his defense. Additionally, the substituted party must know or should have known but for the mistake concerning the identity of the proper party, the action would have been brought against him.

In their resistance to the motion and the accompanying affidavits, plaintiffs neither claim nor offer proof that the executor knew of the institution of the suit against the decedent or the mistake concerning the identity of the parties. Rather, both their claims and proof are confined to their negotiations with the deceased's liability insurance company and notice to the insurer that they would file suit if the matter was not settled. This proof does not meet the requirement of "notice of the institution of the action" to the substituted party. Notice to the insurance company concerning the possibility of suit is not tantamount to notice to the executor bank that a suit has been filed.

Since the plaintiffs failed to support their relation back claim with any facts to bring them within the criteria of rule 89, the trial court correctly granted the defendant bank summary judgment on the ground that suit was barred by the statute of limitations. *See Gruener v. City of Cedar Falls*, 189 N.W.2d 577, 581 (Iowa 1971) (resistance to motion for summary judgment on ground suit barred by statute of limitations was fatally defective where plaintiff alleged fraudulent concealment to avoid the bar but failed to support it with any facts concerning the time she learned of her injury). *See also Brown v. Ellison*, 304 N.W.2d 197, 200 (Iowa 1981) (party claiming exception to normal limitations period has burden to plead and prove an exception to the bar).

Plaintiffs also urge us to equitably estop the bank from asserting the limitations defense to the extent of decedent's liability insurance policy limits. Since the estoppel claim is raised for the first time in this appeal, it will not be considered. *State v. Moorhead*, 308 N.W.2d 60, 64 (Iowa 1981).

We have considered all the arguments raised by both parties and affirm the district court.

AFFIRMED.