Vernus **WUNSCHEL, Edward Schmidt, Wayne H. Nielsen, and Jack Chase, Appellees,**

v.

**IDA HOLDING COMPANY, INC., Defendant,**

**Henry Wald, Leroy Trofholz, and Richard Weerts, Personal Representatives of the Estate of Kermit Wagner, a/k/a H. Kermit Wagner, Appellants.**

No. 86–764.

Supreme Court of Iowa.

June 17, 1987.

Steven C. Welch, West Des Moines, and Henry R. Setser and Charles L. Titus of Erickson & Sederstrom, P.C., Omaha, Neb., for appellants.

Robert R. Eidsmoe and Gregg E. Williams of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for appellees.

Considered by REYNOLDSON, C.J., and McGIVERIN, WOLLE, LAVORATO and NEUMAN, JJ.

WOLLE, Justice.

The question here is whether a Nebraska statute of limitations applicable to claims in probate barred the plaintiffs' contract action against the estate of decedent Kermit Wagner (Wagner). *See* Neb.Rev.Stat. § 30–2485(a) (1979). The trial court decided that the action was not time-barred, and the plaintiffs obtained a favorable jury verdict and judgment. We affirm.

Plaintiffs Vernus Wunschel, Edward Schmidt and Wayne Nielsen on October 3, 1980 and plaintiff Jack Chase on June 16, 1982 entered into written stock purchase agreements with Ida Holding Company, Inc. (company), a company in which Wagner had a substantial interest. The agreements, containing similar language, outlined an option procedure for the sale of the stock:

*Sale of Stock to Company and/or Wagner.*

The Stockholder desiring to sell any of his stock in the Company (hereinafter referred to as "Selling Stockholder") shall offer in writing to sell all of his stock to the Company and to Wagner at the price and the terms specified in Section 3 hereof. The offer shall be made by written notice pursuant to Section 10 hereof. The Company shall, in writing, within 90 days of receipt of said offer accept or reject said offer. The acceptance or rejection shall be made by written notice pursuant to Section 10 hereof.

If the Company accepts said offer, the Company shall purchase the stock pursuant to the price and the terms of Section 3 hereof.

If the Company rejects said offer or accepts said offer, only in part, Wagner shall accept said offer as to the portion not accepted by the Company and purchase the stock pursuant to the price and the terms of Section 3 hereof.

None of the plaintiffs had exercised his option to sell under this contract language when Wagner died on September 20, 1983. The appellants, Wagner's qualified personal representatives, commenced proceedings for the informal probate of his will in a Nebraska county court on September 30, 1983, publishing notice that "[c]reditors ... must file their claims ... on or before December 7, 1983 or be forever barred."

On December 27, 1984, the plaintiffs first offered their shares for sale to the company, and the company rejected the offers on January 25, 1985. Thereafter plaintiffs on February 7, 1985 notified the appellants, as

personal representatives of Wagner's estate, of the company's rejection. When the appellants refused to buy the stock in accordance with the terms of the agreements, plaintiffs on May 15, 1985 brought this action to enforce the stock sale provisions. Appellants by affirmative defense alleged that the plaintiffs' claims were time-barred under the Nebraska probate statute of limitations, but their motion for summary judgment based on that defense was overruled. A jury trial resulted in a verdict and judgment for plaintiffs.

Appellants' sole contention in this appeal is that the applicable Nebraska statute of limitations barred the plaintiffs' claims. This issue of law turns on our interpretation and application of Nebraska Revised Statute 30-2485, which provides in pertinent part:

Limitations on presentation of claims. (a) All claims against a decedent's estate *which arose before the death of the decedent* ... whether due or to become due, absolute or contingent ... are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(1) within two months after the date of the first publication of notice to creditors if notice is given in compliance with section 30-2483....

(2) within three years after the decedent's death, if notice to creditors has not been published.

(b) All claims, other than for administration expenses, against decedent's estate *which arise at or after the death of the decedent* ... whether due or to become due, absolute or contingent ... unless presented as follows:

(1) a claim based on a contract with the personal representative, within four months after performance by the personal representative is due....

(Emphasis added.)

Without question the plaintiffs' claims based on the stock purchase agreements were contingent claims, for the reasons explained in the trial court's decision:

Wagner had committed himself to buying the stock in the event certain things happened:

1. Plaintiffs desired to sell, and

2. The corporation did not buy.

Thus two events had to occur before Wagner was required to buy the stock. Neither event occurred before he died.

The estate's liability to buy the stock was contingent because it hinged on uncertain future events. *See* 31 Am.Jur.2d *Executors and Administrators* § 283, at 145 (1967); 34 C.J.S. *Executors and Administrators* § 377, at 123 (1942).

The issue we must resolve is whether these contingent claims arose "before the death of the decedent" subject to the two-month limitation of section 30-2485(a)(1) or "after the death of the decedent" subject to the four-month limitation of section 30-2485(b)(1). The trial court held that these contingent claims were not barred by the subsection "a" limitation because Wagner "had no indebtedness to plaintiffs at the time of his death—such arose, if at all, only when plaintiffs decided to sell the stock and the [company] refused to buy it." We agree with the trial court's reasoning, which is faithful to the language of the Nebraska statute of limitations and supported by Nebraska and Iowa case law.

The case most closely on point is *In re Estate of Weinberger,* 203 Neb. 674, 279 N.W.2d 849 (1979), in which claims for failure of the estate to perform an installment real estate contract were not filed against a decedent's estate until after the statutory deadline then in effect for presenting creditors' claims. The estate argued that liability of the estate was fixed at the time the purchase contract was entered into several years before. The Nebraska Supreme Court, however, concluded that the claims were not time-barred because no "cause of action or valid claim against the estate" existed until the contract breach occurred. *Id.* at 679–81, 279 N.W.2d at 853. *Weinberger* is entirely consistent with the trial court's holding. The plaintiffs' claims were not barred because no claim or cause of action against Wagner or the appellants had accrued until there was a breach of the

stock purchase agreement or repudiation of the agreement.

Iowa law is consistent with the *Weinberger* analysis and holding. In *Gregg v. Middle States Util. Co.*, 228 Iowa 933, 945–49, 293 N.W. 66, 72–75 (1940), our court construed an Iowa statute of limitations in the context of a stock repurchase agreement and held that the cause of action on the agreement arose not when the parties entered into the original agreement but only when conditions for repurchase had been satisfied. *Id.* In *Gregg,* as here, the statute of limitations on the claims under the repurchase agreement did not begin to run until the claimants' demand for repurchase was refused. We find no language in the *Weinberger* or *Gregg* cases supporting the appellants' contention that the plaintiffs' claims were barred two months after Wagner's death when they had not presented their contingent claims for repurchase of the stock.

Plaintiffs' action was not time-barred because it was brought within the applicable four-month period allowed by section 30–2485(b)(1) of the applicable Nebraska Revised Statute. We affirm the judgment entered for plaintiffs, as well as the trial court's rulings denying the appellants' motions for summary judgment, directed verdict, and new trial.

AFFIRMED.