**Jessie Ellen HEALY,**
**Plaintiff–Appellant,**

**v.**

**Mary CARR, Executor of the Estate of Wilbur Molln, Defendant–Appellee.**

No. 88–1259.

Court of Appeals of Iowa.

Oct. 24, 1989.

Pamela Griebel of Scalise, Scism, Sandre & Uhl, Des Moines, for plaintiff-appellant.

Theodore T. Duffield and Douglas A. Haag of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for defendant-appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Appellant appeals the district court's granting of summary judgment to appellee pursuant to Iowa Rule of Civil Procedure 237(c). We affirm.

On November 3, 1985, Jessie Healy was injured when a car in which she was riding collided with a car driven by Wilbur Molln. On January 10, 1987, Wilbur Molln died. A probate estate was opened for him and was closed on July 14, 1987. On September 14, 1987, Jessie Healy, unaware of Wilbur Molln's death, filed this lawsuit against him to recover for injuries suffered in the November 1985 accident.

After learning of Molln's death, Healy filed an application in December 1987 seeking to have Molln's estate reopened. In February 1988 the probate court did reopen the estate, appointing defendant Mary Carr as executor. On February 18, 1988, Healy filed an amended petition in her personal injury suit; the amendment substituted Mary Carr, newly appointed executor, as defendant in lieu of the deceased Wilbur Molln.

The defendant executor later sought and obtained a summary judgment dismissing Healy's amended petition. In granting summary judgment, the district court held that the amended petition had not been filed within two years of the injury, as required by the statute of limitation applicable to personal injury actions.

Our review is on errors assigned. Iowa R.App.P. 4. In determining whether summary judgment is appropriate, we apply the following standards:

> Summary judgment is proper when there is no genuine issue of fact and the moving party is entitled to the judgment as a matter of law. The burden of showing the nonexistence of a material fact is upon the moving party. While an adverse party generally cannot rest upon his pleadings when the moving party has supported his motion, summary judgment is still not proper if reasonable minds could draw different inferences and conclusions from the undisputed facts. In this respect, summary judgment is functionally akin to a directed verdict; every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party, and a fact question is generated if reasonable minds can differ on how the issue should be resolved.

*Martinko v. H–N–W Associates*, 393 N.W.2d 320, 321 (Iowa 1986) (quoting *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984)).

We find that this matter is controlled by the Iowa Supreme Court's decision in *Jacobson v. Union Story Trust and Sav. Bank*, 338 N.W.2d 161 (Iowa 1983). In *Jacobson*, the plaintiffs brought suit, for injuries they sustained in an automobile crash, on the final day of the limitations period. Soon thereafter, the plaintiffs learned that the alleged tortfeasor had died some seven months before. Upon opening of an estate, the plaintiffs filed a substituted and amended petition naming the executor as defendant. The executor then moved for summary judgment on the basis that the plaintiffs' claim was barred by the statute of limitations. *Id.* at 162. The

Iowa Supreme Court, in affirming the district court's granting of summary judgment, held that the death of a tortfeasor, absent some statutory provision to the contrary, does not toll the running of the statute of limitations. *Id.* at 163. Therefore, we must determine if any Iowa statutes or rules provide authority to halt the running of the statute of limitations in this matter.

Appellant first calls our attention to Iowa Code section 633.410. Appellant asserts that the 1985 amendment to this section changes the result in *Jacobson.* The amendment simply provides that the four-month limitation for filing lawsuits against an estate is not applicable to claims for which there is insurance coverage. *See* 1985 Iowa Acts ch. 92, § 1. The district court correctly determined that while the 1985 amendment removed such claims from the limitations imposed in that section, it did not alter the general two-year statute of limitations contained in Iowa Code section 614.1(2).

Appellant next intimates that the United States Supreme Court's decision in *Tulsa Professional Collection Servs., Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), acts to prevent the running of the statute of limitations. The Court held in *Pope* that due process requires notice by mail to known or reasonably ascertainable creditors of an estate, instead of mere notice by publication. *Id.,* 485 U.S. at 489, 108 S.Ct. at 1347, 99 L.Ed.2d at 579. We find that *Pope* is inapplicable here. The matter at hand solely concerns the running two-year statute of limitations found in section 614.1(2), not the four-month limitation found in section 633.-410.

Appellant next directs us to Iowa Rule of Civil Procedure 89. Rule 89 provides:

All amendments must be on a separate paper, duly filed, without interlining or expunging prior pleadings. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action against him,* the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

(Emphasis added.) Appellant candidly admits that Mary Carr had no contact with this matter until being named as executor. As such, appellant has failed to meet the final two requirements of rule 89. *See Jacobson,* 338 N.W.2d at 164. Appellant, however, goes on to argue that we should overrule *Jacobson* so that notice to an insurer would be imputed to the insured or the insured's executor. Although we find merit in this assertion, the Iowa Supreme Court has pointed out in *State v. Eichler,* 248 Iowa 1267, 1270, 83 N.W.2d 576, 578 (1957): "If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves." We, therefore, are obliged to decline the invitation to overrule *Jacobson.*

Finally, appellant asserts that the trial court erred in not overruling appellee's motion for summary judgment based on the doctrine of estoppel. The Iowa Supreme Court has held that: "The party pleading an exception to the normal limitations period has the burden to plead and prove the exceptions." *Franzen v. Deere and Co.,* 334 N.W.2d 730, 732 (Iowa 1983). Appellant failed to plead estoppel as an exception to the statute of limitations. Therefore, the district court correctly concluded that appellant could not resist appellee's motion for summary judgment with an estoppel theory.

Costs of this appeal are assessed to appellant.

AFFIRMED.