**IN THE COURT OF APPEALS OF IOWA**

No. 18-0261
Filed May 1, 2019

**JOHN E. ROTTINGHAUS and DESSIE ROTTINGHAUS,**
Plaintiffs-Appellants,

**vs.**

**LINCOLN SAVINGS BANK, FIDUCIARY OF THE ESTATE OF SANDRA R. FRANKEN,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

John and Dessie Rottinghaus appeal from the district court's order granting the estate's motion for summary judgment. **AFFIRMED.**

Larry J. Thorson of Ackley, Kopecky & Kingery, LLP, Cedar Rapids, for appellant.

Mark A. Roberts and Jared F. Knight of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, Judge.**

We must decide whether the district court erred in concluding a probate claim was barred by a ten-year deadline governing interests in or claims to real estate.

The facts are essentially undisputed. In 1973, John and Dessie Rottinghaus sold real estate to James and Sandra Kipp. The deed contained the following "right-of-first-refusal" provision:

> Grantees hereby agree that they will not sell or otherwise convey the premises described above to any person other than grantors without first giving grantors the opportunity to purchase the premises at a price equal to any bona fide offer to purchase the premises made by any other person. In the event any person offers to purchase the said premises from the grantees, the grantees shall notify the grantors immediately and grantors shall have fifteen (15) days to purchase the property at the same price as offered.

Sandra Kipp, also known as Sandra Franken, eventually became the sole owner of the property. After she died, her estate sold the property to a third party. The sale took place in 2016.

The Rottinghauses filed a probate claim asserting the estate sale amounted to a breach of the right of first refusal contained in their 1973 contract with the Kipps. The estate moved for summary judgment, relying in part on Iowa Code section 614.17A (2017). That provision states, "[A]n action shall not be maintained in a court, either at law or in equity, in order to recover or establish an interest in or claim to real estate if . . . [t]he action is based upon a claim arising more than

ten years earlier or existing for more than ten years."[1]  Following a hearing, the district court granted the summary judgment motion.

On appeal, the Rottinghauses contend (1) section 614.17A was not "timely raised as a defense," (2) the estate was not "a proper party" to raise section 614.17A as a defense, and (3) the language of sections 614.17A and 614.24 does not "bar the action by the claimants."

Beginning with the timeliness issue, the Rottinghauses correctly assert "[d]efendants have a duty to plead the statute of limitations if they wish to rely on it."  *Porter v. Good Eavespouting*, 505 N.W.2d 178, 182 (Iowa 1993).  Allowable pleadings are "a petition and an answer, a reply to a counterclaim denominated as

---

[1] The provision states in full:

1. After July 1, 1992, an action shall not be maintained in a court, either at law or in equity, in order to recover or establish an interest in or claim to real estate if all the following conditions are satisfied:

a. The action is based upon a claim arising more than ten years earlier or existing for more than ten years.

b. The action is against the holder of the record title to the real estate in possession.

c. The holder of the record title to the real estate in possession and the holder's immediate or remote grantors are shown by the record to have held chain of title to the real estate for more than ten years.

2. a. The claimant within ten years of the date on which the claim arose or first existed must file with the county recorder in the county where the real estate is located a written statement which is duly acknowledged and definitely describes the real estate involved, the nature and extent of the right of interest claimed, and the facts upon which the claim is based. The claimant must file the statement in person or by the claimant's attorney or agent.  If the claimant is a minor or under a legal disability, the statement must be filed by the claimant's guardian, trustee, or by either parent.

b. The filing of a claim shall extend for a further period of ten years the time within which such action may be brought by any person entitled to bring the claim.  The person may file extensions for successive claims.

3. Nothing in this section shall be construed to revive any cause of action barred by section 614.17.

Iowa Code § 614.17A.

such; an answer to a cross-claim, if the answer contains a cross-claim, a cross-petition, if a person who was not an original party is summoned . . . , and an answer to cross-petition, if a cross-petition is served." Iowa R. Civ. P. 1.401. A motion "is not a 'pleading.'" Iowa R. Civ. P. 1.431.

That said, a "defendant may first raise an affirmative defense in a motion for summary judgment as long as the plaintiff is not prejudiced." *McElroy v. State*, 637 N.W.2d 488, 497 (Iowa 2001). Indeed, summary judgment motions have routinely served as the vehicle for submitting statute of limitations defenses. *See, e.g., Wunschel v. IDA Holding Co.*, 407 N.W.2d 341, 343 (Iowa 1987) (affirming denial of statute-of-limitations defense raised in summary judgment motion); *Jacobson v. Union Story Tr. & Sav. Bank*, 338 N.W.2d 161, 164 (Iowa 1983) ("[T]he trial court correctly granted the defendant bank summary judgment on the ground that suit was barred by the statute of limitations.").

The estate filed its summary judgment motion within the pleading deadline set forth in the trial scheduling order. Hearing on the motion was not scheduled for another forty days. Accordingly, the Rottinghauses suffered no prejudice from the estate's late assertion of the defense. *See Taylor v. Farm Bureau Mut. Ins. Co.,* No. 07-1580, 2008 WL 4525496, at *7 (Iowa Ct. App. Oct. 1, 2008) *(*finding no prejudice where an affirmative defense was mentioned in a summary judgment motion and was raised at various other points during the litigation); *Ralston v. Am. Family Mut. Ins. Co.*, 04-0662, 2004 WL 2952677, at *3 (Iowa Ct. App. Dec. 22, 2004) (concluding plaintiff had "adequate time to conduct discovery and prepare a resistance to the summary judgment request").

The second issue—whether the estate was a proper party to raise the statute of limitations issue—was not considered by the district court. Accordingly, error was not preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Finally, as the district court concluded, the language of section 614.17A renders the right of first refusal unenforceable. The court was persuaded by the reasoning of this court's opinion in *West Lakes Properties*, *L.C. v. Greenspon Property Management*, *Inc.*, No. 16-1463, 2017 WL 4317297, at *2 (Iowa Ct. App. Sept. 27, 2017). There, we held a right of first refusal granted almost twenty years earlier was not enforceable under section 614.17A. We agree *West Lakes* is persuasive authority for the court's conclusion. Here, as there, the right of first refusal on which the Rotthauses premise their claim indisputably arose more than ten years before the claim was filed, and the Rotthauses do not challenge or did not preserve error on the remaining requirements of the provision. *See* Iowa Code § 614.17A. We discern no error in the district court's conclusion.

Having concluded the claim was unenforceable under section 614.17A, we find it unnecessary to address the Rottinghauses' alternate claim under section 614.24. We conclude the district court did not err in granting summary judgment for the estate.

**AFFIRMED.**

Mullins, J., concurs specially; Vogel, C.J., dissents.

**MULLINS, Judge** (concurring specially).

I concur in the majority opinion. I write separately to address two issues. Because the majority opinion necessarily addresses only the facts of this case and the issues properly presented, the opinion may not be the last word on whether there are facts upon which a holder of a right of first refusal could make a successful claim for breach of contract against the grantor of the right.

Secondly, I do not believe the *West Lakes* decision is written as broadly as suggested by the dissent, and should not be read to decide rights beyond the right of first refusal under the facts presented.

**VOGEL, Chief Judge** (dissenting).

Because I view this case as a simple breach of contract claim and not subject to Iowa Code section 614.17A (2017), I respectfully dissent. In 1973, when Dessie M. Rottinghaus and John E. Rottinghaus as grantors conveyed their property to James Kipp and Sandra Kipp (later Franken) as grantees, the Rottinghauses bargained for a right of first refusal. It was a contractual right, which obligated the grantees, if they receive an offer for the property, to "notify the grantors immediately and grantors shall have fifteen (15) days to purchase the property at the same price as offered." *See Knepper v. Monticello State Bank*, 450 N.W.2d 833, 836 (Iowa 1990) ("A [right of first refusal] merely requires the owner, when and if he [or she] decides to sell, to offer the property first to the person entitled to the [first refusal]."); 17 C.J.S. *Contracts* § 58 (2019) (defining the right of first refusal as "limit[ing] the right of the owner to dispose freely of his or her property by compelling him or her to offer it first to the party who has the first right to buy"); *see also* 77 Am. Jur. 2d *Vendor & Purchaser* § 30 (2019) ("A contractual right of first refusal is neither a property interest nor a nonvested version of the same; instead, a right of first refusal is a personal and contractual right and does not run with the land as to which the right is given.").

When Sandra Franken died in March 2014, she died as the record title holder. The estate could not and did not become the title holder. Instead, as an asset of Franken's estate the property was merely "subject to the possession" of the executor. *See* Iowa Code § 633.350. Franken's will directed the property be sold, and it was sold under the authority of the executor in a Court Officer's Deed. However, prior to the sale, the executor failed to give the Rottinghauses notice of

the sale, as was required under the 1973 contract. Their remedy was to file a claim in the estate, against the actions of the executor, for money damages for breach of contract.

The estate, through the executor, asserted a defense under Iowa Code section 614.17A. But as the Rottinghauses assert, the estate is not a proper party to assert such a defense because the estate never "held title." An action that may be limited under section 614.17A must be brought against a title holder. *See* Iowa Code § 614.17A(1)(b) ("The action is against the holder of the record title to the real estate in possession."). The record title holder in this case was the new buyer, who had nothing to do with the executor failing to give notice of the sale to the Rottinghauses.

Moreover, section 614.17A cannot be used to defend against the Rottinghauses' breach of contract claim. Section 614.17A is part of a series of "statutes designed to shorten the period of search required to establish title in real estate and give effect and stability to record titles by rendering them marketable and alienable—in substance to improve and render less complicated the land transfer system." *Chicago & N.W. Ry. Co. v. City of Osage*, 176 N.W.2d 788, 793 (Iowa 1970). Section 614.17A in particular is utilized to clear title to a claimed possessory interest in real estate, adverse to the record title holder. *See In re Estate of Hord*, 836 N.W.2d 1, 6 (Iowa 2013) (discussing section 614.17A and its predecessors); *see also, e.g., Gibson v Gibson*, 217 N.W. 852, 854–55 (Iowa 1928) (holding a claim is considered "an action for the recovery of real property" if the claimant seeks rights, possession, or title to real property). Contrary to the district court's finding, the Rottinghauses' right of first refusal was not "an interest

in" the real estate because, without notice of the sale, they were never given the opportunity to exercise their right. *See Tuecke v. Tuecke,* 131 N.W.2d 794, 796 (Iowa 1964) (stating that, "an option to purchase is not an interest in the real estate *until exercised*" (emphasis added)). Therefore, the Rottinghauses did not file a claim in Franken's estate as "an action . . . to recover or establish an interest in or claim to real estate" under 614.17A(1). Rather, they sued on simple breach of contract principles, seeking money damages for the lost opportunity to purchase the property on the terms offered by the executor. Applying section 614.17A as a statute of limitations for the Rottinghauses' breach of contract claim goes beyond the statute's purpose of simplifying land transfers and record titles. *See Chicago & N.W. Ry. Co.*, 176 N.W.2d at 793.

For all these reasons, I respectfully dissent and would reverse the district court's grant of summary judgment.