# IN THE COURT OF APPEALS OF IOWA

No. 22-1117
Filed May 24, 2023

**SEANNA O'BRIEN,**
 Plaintiff-Appellant,

**vs.**

**ESTATE OF DONALD RIPLEY, and PHILIP SCOTT RIPLEY as Executor of the
Estate of Donald Ripley,**
 Defendants-Appellees,

and

**PROGRESSIVE NORTHERN INSURANCE COMPANY,**
 Defendant.
_____

 Appeal from the Iowa District Court for Page County, Greg W. Steensland,

Judge.


 A plaintiff appeals the dismissal of her personal-injury petition as to estate

defendants. **AFFIRMED.**


 Thomp J. Pattermann of Law Office of Gallner & Pattermann, P.C., Council

Bluffs, for appellant.

 Michael T. Gibbons, Christopher D. Jerram, and Raymond E. Walden of

Woodke & Gibbons, P.C., L.L.O., Omaha, Nebraska, for appellees.


 Heard by Ahlers, P.J., Badding, J., and Carr, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**BADDING, Judge.**

On interlocutory appeal, Seanna O'Brien challenges the dismissal of her personal-injury suit against the estate of Donald Ripley and its executor as barred by the two-year statute of limitations in Iowa Code section 614.1(2) (2022).[1] Side-stepping that issue, O'Brien claims she was a reasonably ascertainable creditor that did not receive the notice required under section 633.410(1) to bar claims against the estate. As a result, O'Brien argues that dismissal was improper. Finding no errors of law in the district court's ruling, we affirm. *See Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 538 (Iowa 2022).

On March 9, 2022, O'Brien filed suit against Donald Ripley, seeking damages for injuries she allegedly sustained from Ripley backing into her vehicle in a parking lot exactly two years before—on March 9, 2020. After attempting to serve notice of the suit on Ripley, O'Brien learned that he had died in September 2020. So she filed an amended petition in April 2022, naming Ripley's estate and the executor as defendants in his place. *See Jacobson v. Union Story Tr. & Sav. Bank,* 338 N.W.2d 161, 163 (Iowa 1983) ("A decedent does not have the capacity to be sued.").

In May, before it was served with notice of the suit, the estate filed a pre-answer motion to dismiss on two grounds: (1) the action against it was barred by the statute of limitations in section 614.1(2) because the amended petition, filed outside the limitations period, did not relate back to the time of the original filing,

---

[1] O'Brien also sued Progressive Northern Insurance Company—her uninsured and underinsured motorist insurance carrier. Her claim against Progressive is still pending, though it was stayed by the district court following O'Brien's appeal.

*see id.* (stating the statute of limitations is not tolled by a person's death unless otherwise provided by statute); *see also* Iowa R. Civ. P. 1.402(5) (outlining the circumstances when an amendment that changes the party to a lawsuit relates back to the date of the original pleading); and (2) since the action was filed more than four months after the second publication of notice in November 2020, and the petition contained no allegations supporting a conclusion that O'Brien was a reasonably ascertainable claimant, the action was barred by section 633.410 as an untimely claim against the estate. *See* Iowa Code § 633.410(1) (barring "[a]ll claims against a decedent's estate . . . unless filed . . . within the later to occur of four months after the date of the second publication of the notice to creditors or, as to each claimant whose identity is reasonably ascertainable, one month after service of notice by ordinary mail to the claimant's last known address").

In her resistance, O'Brien only addressed the second ground for dismissal. Relying on facts outside the petition, she asserted that because the liability carrier for Ripley received her claim in April 2020, "the estate had constructive notice of the claim, such that the notice to unknown creditors" under section 633.410(1) does not apply to her. *Cf. Berger v. Gen. United Grp., Inc.*, 268 N.W.2d 630, 634 (Iowa 1978) (noting consideration of motion to dismiss is limited to facts contained in the petition and matters of which judicial notice may be taken, and facts alleged in motion to dismiss are not considered). She also asserted "[a]dditional time would be needed to determine knowledge of the estate on the claim to determine if written notice should have been sent to" her.

Following an unreported hearing, the district court granted the estate's motion to dismiss without addressing O'Brien's request for additional time. The

court agreed with the estate's first ground for dismissal and found the case was controlled by our supreme court's holding in *Jacobson*, which the court said

> held that an amendment substituting as defendant the personal representative of a decedent originally named as defendant does not relate back. Any attempt to serve the executor of Donald Ripley's estate would be outside the statute of limitations. Furthermore, there are no facts asserted in the Amended Petition that would indicate notice of the lawsuit to the Ripley estate before the limitations period had passed in order to toll this deadline. In light of this finding, any questions of whether Plaintiff was a readily ascertainable creditor for purposes of notice in regard to dates of publication for the Ripley estate are moot.

*Accord* 338 N.W.2d at 163 (holding that negotiations with a deceased's liability insurance company and notice to the insurer that they would file suit if the matter was not settled did not meet the relation-back notice requirements of rule 1.402(5)).

On appeal, O'Brien does not challenge the district court's ruling that her action is barred by the statute of limitations in section 614.1(2). Instead, she focuses on the issue the court determined was moot, arguing that *Jacobson* is not controlling because in that case, unlike here, no estate was opened "so the question of whether [the plaintiff] was entitled to actual notice as provided under the probate code never got addressed." O'Brien continues that because she "was a known or reasonably ascertainable creditor of the estate" given her negotiations with Ripley's liability carrier, she was entitled to notice under section 633.410(1).

But even if that were true, dismissal of her claim was still proper because "section 633.410's limitation on claims against an estate does not preclude application of the two-year statute of limitations on personal injury actions." *Hommer v. Marek*, No. 99-1940, 2002 WL 1433765, at *2 (Iowa Ct. App.

July 3, 2002); *accord Healy v. Carr*, 449 N.W.2d 883, 885 (Iowa Ct. App. 1989); *Dellitt v. Lucas*, No. 10-0517, 2011 WL 444142, at *2 (Iowa Ct. App. Feb. 9, 2011) ("Even assuming Dellitt was a reasonably-ascertainable creditor and failure to give him notice of the estate's opening tolled the statute of limitations provided in section 633.410, that section does not alter the general two-year statute of limitations contained in section 614.1(2)."). O'Brien's status as it relates to the estate proceeding has no effect on whether the matter was barred by the general statute of limitations. *See Hommer*, 2002 WL 1433765, at *2 ("[E]ven if the Hommers had filed their action within the time limits provided for in section 633.410, their claims would still be barred if not filed within two years of the date of injury."). We accordingly affirm the district court's unchallenged determination that O'Brien's action against the estate is time-barred under section 614.1(2).

In doing so, we decline to address O'Brien's arguments about due process and equitable estoppel because neither were raised before the district court. *See Sandoval v. State*, 975 N.W.2d 434, 438 (Iowa 2022) (noting appellate courts will not rule on issues, even of a constitutional dimension, for the first time on appeal). And while O'Brien did mention needing "additional time" in her resistance, she did not ask the district court to deny "the motion to dismiss until discovery could be conducted" or treat it as a motion for summary judgment, like she does now on appeal. We accordingly decline to address these issues as well. *See 33 Carpenters Constr., Inc. v. State Farm Life & Cas. Co.*, 939 N.W.2d 69, 76 (Iowa 2020) ("We are a court of *review*, and we do not generally decide an issue that the district court did not decide first.").

Having considered all arguments properly raised on appeal, we affirm.

**AFFIRMED.**